IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAURA HAWKINS,

        Plaintiff,

v.                                                      Case No. 17-2687-KHV

BOARD OF COUNTY COMMISSIONERS
OF COFFEY COUNTY, KANSAS,
CHRISTOPHER PHELAN;
KAREN MALEY; and BRENDA CHERRY,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court upon Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 29). Defendants oppose the motion because they contend some of plaintiff's claims are subject to dismissal. For the reasons stated below, the motion is granted.

**I.    Background**

Plaintiff filed this suit against the Board of County Commissioners of Coffey County, Kansas; Christopher Phelan, the county attorney; Karen Maley, the county treasurer; and Brenda Cherry, the county treasurer from 2012 to 2017.[1] Plaintiff asserts claims against Ms. Cherry and the county for alleged unpaid overtime wages in violation of Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Kansas Wage Payment Act (KWPA), K.S.A. 44-313, *et seq.* She also asserts 42 U.S.C. § 1983 claims against the county, Mr. Phelan, and Ms. Maley for alleged violations of plaintiff's First Amendment rights, due process rights, and equal protection rights.

---

[1] Compl., ECF No. 1.

According to plaintiff's complaint, Ms. Maley fired her from her position as a clerk in the Coffey County Treasurer's Office after plaintiff had unsuccessfully challenged Ms. Maley in the Republican primary for the treasurer seat and subsequently ran an unsuccessful campaign as a write-in candidate in the general election. The complaint characterizes the First Amendment violation as plaintiff's discharge for her political activity in violation of her rights to free speech and freedom of association.[2] Plaintiff alleges these defendants violated her due process rights by terminating her employment without a pre-termination hearing. She alleges the employee handbook and county practice created an implied contract with plaintiff that she would not be terminated for performance without a pre-termination hearing and that she would not be terminated except for cause. She also alleges that the handbook created an implied contract with plaintiff that she would not be terminated for her political activity. Plaintiff's equal-protection claim is based on her allegation that the county treated employees who worked for elected officials differently than it treated those that did not. She alleges that employees working for elected officials did not receive due process hearings and were not allowed to file grievances.

Defendants moved to dismiss plaintiff's First Amendment, due process, and equal protection claims and plaintiff's KWPA claim.[3] Among other things, the motion argues that the First Amendment does not protect a public employee's right to be a candidate, to conduct a campaign, or to continue employment post-candidacy. Plaintiff filed the present motion to amend at the same time she responded to the motion to dismiss.

---

[2] Compl. at ¶ 46, ECF No. 1.

[3] Mem. in Supp. of Defs.' Mot. for Partial J. on the Pleadings, ECF No. 18.

The motion to amend states that plaintiff seeks to amend to "provide more specific allegations."[4] The proposed amended complaint now characterizes the First Amendment violation as plaintiff's discharge for statements made in conjunction with her political activity, violating her right to free speech.[5] Plaintiff's proposed amended complaint also contains additional factual allegations in support of her due process claim.

II. Discussion

When leave of the court is required to amend under Rule 15(a), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6] "The court should freely give leave when justice so requires."[7] In this case, defendants oppose the motion to amend on futility grounds, arguing that plaintiff's first amendment, due process, equal protection, and KWPA claims are subject to dismissal. As the parties opposing the amendment, defendants bear the burden of establishing its futility.[8]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[9] Typically, the court analyzes the proposed pleading using the same standard as a

---

[4] Mot. for Leave to File a First Am. Compl. at 1, ECF No. 29.

[5] Proposed First Am. Compl. at ¶ 50, ECF No. 29.

[6] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager*, *Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Mackley v. Telecom Holdings, Inc.*, 296 F.R.D. 655, 660 (D. Kan. 2014).

[9] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)); *Duncan v. Manager Dep't of Safety, City & Cty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)

motion to dismiss under Fed. R. Civ. P. 12(b)(6).[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] The court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."[12] A formulaic recitation of elements does not satisfy the plausibility standard.[13] Rather, plaintiff must offer sufficient factual allegations to support each claim[14] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] "While the 12(b)(6) standard does not require that [a plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim."[16]

**A. Plaintiff's Due Process, Equal Protection, and KWPA Claims and Defendants Phelan and Maley's Qualified Immunity Defense**

Defendants argue that plaintiff's due process, equal protection, and KWPA claims are subject to dismissal for the same reasons set forth in their motion to dismiss, and they also assert the same qualified immunity defense set forth in that motion. The court addressed a similar

---

[10] *Lane Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[11] *Burnett v. Mort. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[12] *Burnett*, 706 F.3d at 1235.

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (Sept. 1, 2011) (citing *Twombly*, 550 U.S. at 555).

[14] *Id.*

[15] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[16] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

situation in *W&W Steel, LLC v. BSC Steel, Inc.*[17] In that case, the court rejected a party's argument that it should deny a motion to amend as futile because identical claims appearing in both a previous pleading and in a proposed amended pleading did not state a claim. In that case, the parties opposing the motion to amend had incorporated by reference their motion to dismiss certain claims. The court rejected these arguments, reasoning that evaluating futility requires consideration of proposed amendments, not claims previously pled. The court observed that screening claims previously pled "would serve no practical purpose because in the event the court would deny the motion to amend, these claims would remain."[18] While the court may take up a motion to dismiss and a motion to amend at the same time, effectively analyzing both a complaint and a proposed amendment, it serves no practical purpose to screen claims previously pled when the court is only ruling on a motion to amend.

This is the case here. Plaintiff's due process claim is largely unchanged, and plaintiff has proposed no changes to her equal protection claim or her KWPA claim. Applying the same logic set forth in *W&W Steel*, defendants have not demonstrated how the proposed *amendments* to the complaint render these claims futile. In a similar vein, defendants pled their qualified-immunity defense in their answer,[19] and raised it in their motion to dismiss.[20] In fact, it appears defendants have copied and pasted a portion of their motion to dismiss into their response brief opposing the motion to amend. The qualified-immunity defense bears on the claims previously pled and is not implicated for the first time by plaintiff's proposed amendments. Because the proposed

---

[17] No. 11-2613-RDR, 2012 WL 1828928, at *1 (D. Kan. May 18, 2012).

[18] *Id.*

[19] Answ. at ¶ 74, ECF No. 13.

[20] *See* Mem. in Supp. of Defs.' Mot. for Partial J. on the Pleadings at 11-12; 24.

amendments themselves do not raise further issues or appear to impact the defense previously asserted, defendants have not demonstrated futility on this basis either.

    **B. First Amendment Claim**

Plaintiff's First Amendment claim presents a different issue. Plaintiff pled a First Amendment claim from the outset, but the proposed amended First Amendment claim is premised on a slightly different set of facts that also represents a shift in legal theory. Plaintiff's complaint suggests that the First Amendment violation was the termination of her employment because she had challenged Ms. Maley in the election.[21] The proposed amended complaint still states that plaintiff's employment was terminated because she had challenged Ms. Malley in the election.[22] However, it now suggests or clarifies that her discharge was "for statements made in conjunction with [plaintiff's] political activity, [which] violates the employee's First Amendment rights to free speech."[23] In short, plaintiff now alleges that she was terminated not just because she ran against Ms. Maley but also because she made certain public statements in conjunction with her campaign. Specifically, plaintiff alleges that her announcement of her candidacy in the primary and general elections was protected speech.[24] She alleges that during the campaign and outside of the office, she had accused the treasurer's office of playing favorites and vowed to treat all citizens the same, a matter of public concern.[25] She alleges that she took issue with the county's practice of not encouraging elected officials to make personnel decisions subject to the

---

[21] *See* Compl. at ¶ 46, ECF No. 1.

[22] *See* Proposed Am. Compl. at ¶ 50, ECF No. 29.

[23] *Id.*

[24] Proposed First Am. Compl. at ¶ 19, ECF No. 29.

[25] *Id.* at ¶ 20.

6

county's policies and procedures, which she contends was also a matter of public concern.[26] She alleges that she was critical of county employees for campaigning and writing a letter to be published by the local newspaper while using their county employee titles, thereby violating county policy because employees were being paid while they were campaigning, another matter of public concern.[27]

In arguing that the statements are not protected speech, defendants address only plaintiff's announcement of her candidacy and none of the other statements that plaintiff contends constitute protected speech. Moreover, the cases cited by defendants largely address situations in which a plaintiff was discharged from employment after running an unsuccessful campaign against a defendant or situations in which a plaintiff had failed to allege specific incidents of protected speech.[28] They do not address allegations of retaliatory termination for specific statements made in conjunction with a campaign. Because of this, defendants have not demonstrated that the statements are not protected speech.

Defendants argue that even if the alleged statements constitute protected speech, the First Amendment claim is still subject to dismissal under the *Garcetti/Pickering* test. When considering a speech retaliation claim, the "court must balance the First Amendment interests of that employee, speaking as a concerned citizen, with the government's interest in 'promoting the

---

[26] *Id.* at ¶ 21.

[27] *Id.* at ¶ 22.

[28] *See Mayfield v. Merchant*, No. 09-2033-KHV, 2010 WL 5288152, at *4 (D. Kan. Dec. 17, 2010) (granting summary judgment in favor of defendant because the First Amendment does not protect a public employee's right to be a candidate and because plaintiff had failed to identify any speech that was protected); *Warren v. Gaston*, 55 F. Supp. 2d 1230, 1236 (D. Kan. 1999) (finding that an employee did not have a First Amendment right to continued employment with the incumbent after the election).

efficiency of the public services it performs through its employees.'"[29] In conducting the

*Garcetti/Pickering* balancing test, the court must weigh:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.[30]

While the first three factors are questions of law, the last two are questions of fact.[31] Defendants contend that plaintiff cannot prevail on the third factor—whether her free speech interest is outweighed by her employer's interest in promoting the efficiency of public service. If plaintiff's employer's interest outweighs her interest, the speech is unprotected, and the inquiry ends.[32] They argue that plaintiff's own assertions in her proposed amended complaint demonstrate the existence of infighting and actual disruption to the working relationships in the treasurer's office resulting from plaintiff's speech. They point to paragraphs 20-22 in the proposed amended complaint. The court cannot extrapolate from these paragraphs what defendants take from them. The paragraphs list instances of alleged protected speech concerning plaintiff's assessment of operations in the treasurer's office. They state nothing about employee discord caused by plaintiff's speech. While a developed record could potentially support defendant's argument, the

---

[29] *Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014) (citing *Pickering v. Bd. of Educ. Of Twp. High Sch. Dist 205*, 391 U.S. 563 (1968)); *see also Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).

[30] *Id.* at 1227-28.

[31] *Id.*

[32] *McDonald v. City of Wichita*, 156 F. Supp. 3d 1279, 1305 (D. Kan. 2016).

pleadings do not. Defendants have not demonstrated that plaintiff's First Amendment claim would fail under the *Garcetti/Pickering* test.

Defendants' opposition to the motion to amend largely concerns matters raised in their pending motion to dismiss rather than addressing the proposed amendments themselves. Because defendants have not established that the amendments render the claims futile, the court grants plaintiff's motion and directs plaintiff to file her amended complaint as a separate docket entry in this case.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 29) is granted. Plaintiff shall file her First Amended Complaint as a separate docket entry in this case within two (2) business days from the date of this order.

**IT IS SO ORDERED.**

Dated July 13, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
