# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAURA HAWKINS,

        Plaintiff,

v.                                                Case No. 17-2687-KHV-ADM

BOARD OF COUNTY COMMISSIONERS
OF COFFEY COUNTY, KANSAS,
CHRISTOPHER PHELAN;
KAREN MALEY; and BRENDA CHERRY,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff Laura Hawkins' Motion for Leave to File a Second Amended Complaint (ECF No. 65). Ms. Hawkins seeks leave to file an amended pleading asserting a 42 U.S.C. § 1983 First Amendment retaliation claim against Heidi Harris, the Coffey County Zoning and Subdivision Administrator. Defendants the Board of County Commissioners of Coffey County, Christopher Phelan, Karen Maley, and Brenda Cherry (collectively, "the County") oppose the motion on the grounds that Ms. Hawkins has not shown good cause for some of the proposed amendments made after the scheduling order deadline; the proposed amended claim is subject to dismissal and is therefore futile; and Ms. Hawkins has not met the requirements for permissive joinder of Ms. Harris as a party defendant under Rule 20. For the reasons stated below, the court disagrees. Ms. Hawkins' motion to amend is granted.

### I.    BACKGROUND

Ms. Hawkins alleges that Ms. Maley fired Ms. Hawkins from her position as a clerk in the Coffey County Treasurer's Office in retribution after Ms. Hawkins unsuccessfully challenged Ms. Maley in the Republican primary for the treasurer seat and subsequently ran an unsuccessful campaign as a write-in candidate in the general election—all the while, criticizing Ms. Maley and

the Treasurer's Office during her campaign. Ms. Hawkins asserts claims under 42 U.S.C. § 1983 for alleged violations of her First Amendment and due process rights. She also asserts claims for alleged unpaid straight and overtime wages in violation of Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Kansas Wage Payment Act, K.S.A. 44-313, *et seq.*

Ms. Hawkins seeks leave to amend to assert a 42 U.S.C. § 1983 First Amendment retaliation claim against Ms. Harris. The proposed pleading alleges that Ms. Harris had previously told Ms. Hawkins and her husband that their property was not subject to zoning restrictions even though they raise domesticated deer on the land. Ms. Hawkins alleges that, after she filed this suit, Ms. Harris undertook an investigation and made the finding that the Hawkins property violated zoning ordinances because it constituted a "hunting preserve," even though the County did not cite a similar Coffey County business. She also alleges that she had an inquiry from the county environmental health department about a lagoon on the Hawkins property and was told that a complaint must have been filed. Ms. Hawkins alleges that Ms. Harris' actions amount to retaliation against her for exercising her First Amendment rights in bringing this suit.

The scheduling order established a deadline of June 1, 2019, for motions to amend the pleadings. (ECF No. 56, at 9.) Ms. Hawkins filed this motion on July 31, 2019. She argues she could not have amended sooner because the allegations in the proposed amended pleading all occurred within the month prior to her motion. The County opposes the motion the amendment on the grounds that: (1) Ms. Hawkins failed to establish good cause for an extension of the scheduling order deadline; (2) the proposed claim is futile; and (3) the new claim does not meet the standard for permissive joinder of a party defendant under Rule 20(a)(2).

II. ANALYSIS

When a party moves to amend after the deadline set in the scheduling order, the moving party must (1) demonstrate good cause for modifying the scheduling order under Federal Rule of

2

Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). When a party moving to amend seeks to join additional parties, the Federal Rules governing mandatory or permissive joinder are also implicated. *See* FED. R. CIV. P. 19 & 20.

### A. Good Cause Pursuant Rule 16(b)(4)

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."

Ms. Hawkins' proposed amendments fall into two categories: (1) substantive amendments regarding Ms. Hawkins' retaliation claim against Ms. Harris, and (2) other more minor modifications to her current amended complaint. Ms. Hawkins argues that she could not have brought her retaliation claim by the June 1 deadline because the events giving rise to the claim have all occurred within 30 days before she filed her motion to amend. The court agrees and finds that this scenario easily meets Rule 16(b)(4)'s good-cause standard because the events giving rise to the proposed amendment largely occurred after the deadline for amendments.

The County has not addressed the good cause standard as it applies to Ms. Hawkins' proposed claim. However, the County argues that Ms. Hawkins failed to establish good cause for her other more minor proposed amendments to existing factual allegations and claims. The County points to changes to paragraphs 24 and 63 as they appear in the redline version of Ms. Hawkins' proposed Second Amended Complaint. (ECF 70.) Paragraph 24 is a factual allegation that the

3

County knew Ms. Hawkins had challenged Ms. Maley in the election. The proposed amendment specifies that the County also knew that Ms. Hawkins was critical about how the office had been run. Paragraph 50 of the Amended Complaint states that: "Plaintiff was fired by Defendant Maley because she had unsuccessfully challenged Maley in the previous year's elections. Discharging an employee for statements made in conjunction with her political activity violates the employee's First Amendment rights to free speech." (ECF No. 39 ¶ 50.) Ms. Hawkins' proposed Second Amended Complaint modifies this paragraph to state that: "Plaintiff was fired by Defendant Maley because of statements she made when she unsuccessfully challenged Maley in the previous year's elections." (ECF No. 71 ¶ 63.)

The crux of these proposed amendments is to clarify that the County allegedly fired Ms. Hawkins because of statements she made during her campaign. These types of allegations already appear throughout Ms. Hawkins' operative pleading, and the proposed amendments essentially change nothing in terms of what is at issue in the case. (ECF No. 39 ¶¶ 20-22, 39, 51, 53, 55.) Rather, Ms. Hawkins states that the changes are an attempt to modify her Second Amended Complaint to conform with issues and claims left in the case after the district judge's ruling on the County's motion to dismiss. Notably, Ms. Hawkins proposed amended pleading omits previously asserted claims that were dismissed by the district judge's order. In the same vein, the district judge dismissed portions of Ms. Hawkins First Amendment claim, finding that her announcement of her candidacy was not protected speech but that certain statements made during her campaign could constitute protected speech. (ECF No. 51, at 9-16.) The paragraphs the County cites appear to encompass modifications in conformity with that order. Because these minor and technical amendments are aimed at simplifying and clarifying Ms. Hawkins' pleading, the court finds that good cause exists to modify the scheduling order to allow them.

### B. Amendment Under Rule 15

4

Once a party has filed a responsive pleading, the opposing party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The purpose of the rule "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotations omitted). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson*, 606 F.3d at 1267 (in the absence of such a showing, amendment should be allowed); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of the remaining *Forman* factors"). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch,* 771 F.3d at 1240. In this case, the County argues that the proposed First-Amendment retaliation claim is futile because it would not withstand a motion to dismiss.

"A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In the context of futility, the court often considers whether the amended complaint could withstand a motion to dismiss pursuant to Rule 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

To state a § 1983 First Amendment retaliation claim, a plaintiff must allege facts sufficient to show:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 847 (10th Cir. 2005). The County contends that plaintiff has failed to allege facts sufficient to show an injury or facts sufficient to show that Ms. Harris' actions were substantially motivated by Ms. Hawkins filing this lawsuit.

**1. Injury**

The County argues plaintiff has not alleged an injury because she claims only mental distress. First, this is not an accurate characterization of the extent of the "injury." Ms. Hawkins alleges that Ms. Harris's conduct was harassing, and that Ms. Harris took action against Ms. Hawkins' property. The concept of injury is not static but instead a context-specific inquiry. *McCormick v. City of Lawrence, Kansas*, 253 F. Supp. 2d 1172, 1196 (D. Kan. 2003) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) ("Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action against them is considered adverse.")). Second, the County fails to cite any authority suggesting that these types of factual allegations would constitute an inconsequential and therefore

unactionable injury that would render the proposed claim futile. *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) (recognizing that this element of a First Amendment retaliation claim often presents a question of fact). Because of this, the court cannot find that the claim would be subject to dismissal for failing to plead sufficient facts to support this element.

### 2. Retaliatory Motive

The County also argues that Ms. Hawkins' proposed pleading fails to offer any facts showing that Ms. Harris' enforcement actions were substantially based on this lawsuit. The County argues that Ms. Harris' letters to Ms. Hawkins, which were more than year after Ms. Hawkins filed this suit, demonstrate that Ms. Harris was just doing her job. In support, the County relies on the Tenth Circuit case *Lauck v. Campbell County* to argue that the court cannot infer retaliatory motive when the protected activity is not temporally proximate to the alleged retaliatory act. 627 F.3d 805, 815 (10th Cir. 2010). *Lauck* states that retaliatory motive cannot be inferred "from temporal proximity *alone* when the time lapse between the protected activity and the retaliatory act exceeds three months." *Id.* (emphasis added.) But, here, Ms. Hawkins pleaded more than just temporal proximity. She also alleges that Ms. Harris and other County officials previously assured her that her domesticated deer operation complied with applicable zoning restrictions and that they took action against her only after she filed this lawsuit. Moreover, she alleges that a substantially similar domesticated deer operation continues to operate within county limits without incident—further suggesting motive. "[P]roof of an official's retaliatory intent will rarely be supported by direct evidence of such intent." *Mimics*, 394 F.3d at 848.

Ms. Hawkins has alleged facts sufficient to meet the retaliatory motive element of a First Amendment retaliation claim. The County's arguments that Ms. Harris was simply performing her job duties are issues more appropriately bearing on a qualified immunity defense rather than whether Ms. Hawkins has stated a claim. *See Mimics*, 394 F.3d at 848 ("In the context of a

summary judgment motion on a qualified immunity defense to a claim involving the defendant's state of mind, the defendant must first show that the challenged conduct was objectively reasonable."); *see also Hawkins v. Bd. of Cty. Commissioners of Coffey Cty. Kansas*, 376 F. Supp. 3d 1200, 1217-18 (D. Kan. 2019) (finding that "on this record and at this stage in the proceedings, it would be premature to find that defendants are entitled to qualified immunity" and collecting cases declining to decide qualified immunity to First Amendment retaliation claims at the motion-to-dismiss-stage).

### C. Joinder Under Rule 20(a)(2)

When a motion to amend seeks to add parties that are not indispensable, Rules 15 and 20 govern. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001); *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *3 (D. Kan. Apr. 30, 2018). Rule 20(a)(2) provides that defendants may be joined if (1) the claims against them "arise out of the same transaction or occurrence, or series of transactions or occurrences;" and (2) there are questions of law and fact common to all defendants. There is not a generalized test for determining whether alleged facts constitute the same transaction or occurrence for the purpose of Rule 20. 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed.). Rather, courts have found that the phrase is flexible, depending on the connection of the transactions or their logical relationship. *AKH Co.*, 2018 WL 2008860, at *5. "Language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Sprint Commc'ns. Co. v. Theglobe. com, Inc.,* 233 F.R.D. 615, 617 (D. Kan. 2006) (quoting 7 WRIGHT & MILLER § 1653, *supra*). As with Rule 15, the court liberally construes Rule 20 "to promote trial convenience and expedite the final

determination of disputes, thereby preventing multiple lawsuits." *AKH Co.*, 2018 WL 2008860, at *5; *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

The County contends that the proposed retaliation claim does not arise out of the same transaction or occurrence because, according to the County, the existing claims arise from Ms. Hawkins' employment with the County whereas the proposed new claim involves alleged retaliation for bringing this suit. This is an overly narrow application of the same-transaction-or-occurrence test given the liberal policy favoring joinder. Ms. Hawkins has alleged that the County engaged in a pattern of harassment and retaliation, and that pattern is broad enough to encompass both her existing claims and the proposed retaliation claim. As Ms. Hawkins notes, both the proposed claim and the current claims will require overlapping witnesses, including Ms. Hawkins, her husband, and various County officials. The court easily finds that the proposed claim arises from the same series of Ms. Hawkins' alleged transactions with the County. *See Vreeland v. Schwartz*, 613 F. App'x 679, 685 (10th Cir. 2015) (finding multiple occurrences of alleged retaliation by different defendants involving different acts arose out of the same series of transactions and were within the permissive joinder rules of Rule 20(a)(2)). Moreover, both the proposed claim and the other § 1983 claims already in this case will involve common questions of fact—namely, the County's motivation for certain actions taken against Ms. Hawkins. Because Ms. Harris is another county official, her defenses to these claims are also likely to overlap with those already asserted by the current defendants. For these reasons, the court finds that Ms. Hawkins' proposed joinder of Ms. Harris satisfies Rule 20(a)(2)'s requirements.

### III. CONCLUSION

The court finds good cause to modify the scheduling order deadline to allow for Ms. Hawkins' motion to amend. The County has not shown that Ms. Hawkins' proposed First Amendment retaliation claim, or any other proposed amendments, are futile. And Rule 20(a)(2)'s joinder requirements are easily met. For these reasons, the court grants Ms. Hawkins' motion to amend.

**IT IS THEREFORE ORDERED** that Plaintiff Laura Hawkins' Motion for Leave to File a Second Amended Complaint (ECF No. 65) is granted. Ms. Hawkins shall file her Second Amended Complaint as a separate docket entry in this case within two business days from the date of the order. Ms. Hawkins is directed act expeditiously in effecting service of process on Ms. Harris.

**IT IS SO ORDERED.**

Dated August 27, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
