# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAURA HAWKINS,

        Plaintiff,

v.                                                                                     Case No. 17-2687-KHV-ADM

BOARD OF COUNTY COMMISSIONERS
OF COFFEY COUNTY, KANSAS,
CHRISTOPHER PHELAN;
KAREN MALEY; and BRENDA CHERRY,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff Laura Hawkins' Motion for Leave to File a Third Amended Complaint. (ECF No. 95.) Ms. Hawkins seeks leave to file an amended pleading asserting additional factual allegations in support of her retaliation claim. Defendants the Board of County Commissioners of Coffey County, Christopher Phelan, Karen Maley, Brenda Cherry, and Heidi Harris (collectively, "the County") oppose the motion on the grounds that they would be unduly prejudiced by the amendment and that the proposed amendments are futile. For the reasons stated below, the court disagrees. Ms. Hawkins' motion to amend is granted.

**I.**      **BACKGROUND**

Ms. Hawkins alleges that Ms. Maley fired Ms. Hawkins from her position as a clerk in the Coffey County Treasurer's Office in retribution after Ms. Hawkins unsuccessfully challenged Ms. Maley in the Republican primary for the treasurer seat and subsequently ran an unsuccessful campaign as a write-in candidate in the general election—all the while, criticizing Ms. Maley and the Treasurer's Office during her campaign. Ms. Hawkins asserts claims under 42 U.S.C. § 1983 for alleged violations of her First Amendment and due process rights. She also asserts claims for alleged unpaid straight and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C.

§ 201, *et seq.*, and the Kansas Wage Payment Act, K.S.A. 44-313, *et seq.* On August 27, 2019, the court granted Ms. Hawkins to assert a 42 U.S.C. § 1983 First Amendment retaliation claim against Defendant Heidi Harris, the Coffey County zoning and subdivision administrator, stemming from allegations that Ms. Harris undertook an investigation and found that the Hawkins property violated zoning ordinances because it constituted a "hunting preserve," even though the County did not cite a similar Coffey County business. Ms. Hawkins' operative Second Amended Complaint alleges that Ms. Harris's letter informing Ms. Hawkins and her husband that they were violating zoning ordinances by operating a hunting preserve was copied to the County Commission, County Attorney, and Department of Environmental Health. (ECF No. 76 ¶ 61.) Ms. Hawkins alleges that when she contacted Marilyn Eccles of the Coffey County Environmental Health Department, Ms. Eccles told Ms. Hawkins that the Environmental Health Department must have been copied on the letter because "a complaint must have been filed" about Ms. Hawkins' lagoon. (*Id.* ¶ 62.) At that time, however, Ms. Hawkins alleges that she had never received notice from the Department of Environmental Health about any problems with the lagoon. (*Id.*)

Ms. Hawkins now seeks leave to amend again to add additional factual allegations in further support of her 42 U.S.C. § 1983 retaliation claim against the County. These allegations all concern events that occurred after Ms. Hawkins filed her Second Amended Complaint. Specifically, Ms. Hawkins alleges that on September 17, 2019, she and her husband received a letter from Ms. Eccles, with a copy to the county attorney, informing them that their "new lagoon" was out of compliance with code requirements and would need to be modified. (ECF No. 95 ¶ 63.) The letter stated that it was imperative that the couple complete work on the lagoon, adding that, "I believe you will agree that you have been given plenty of time to complete the fencing." (*Id.* ¶ 63.) According to the proposed pleading, the Hawkins lagoon is fenced at the appropriate height and has an appropriate gate, unlike other lagoons within county limits that have either been

"grandfathered in" under the new code requirements or which the county has not pursued. (*Id.* ¶¶ 66-69.) The proposed pleading also alleges that Ms. Hawkins and her husband built the lagoon in 2002 and that the Department of Environmental Health approved the design. (*Id.* ¶ 67.)

The scheduling order established a deadline of June 1, 2019, for motions to amend the pleadings. (ECF No. 56, at 9.) Ms. Hawkins filed this motion on October 4, 2019. She argues she could not have amended sooner because the new allegations all occurred within the month prior to her motion. The County opposes the amendment on the grounds that: (1) it would be unduly prejudiced if the court allows the amendments; and (2) the amendments are futile.

## II. LEGAL STANDARD

When a party moves to amend after the scheduling order deadline, the moving party must (1) demonstrate good cause for modifying the scheduling order under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

## III. GOOD CAUSE PURSUANT TO RULE 16(b)(4)

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."

The proposed amendments all stem from events that occurred both after the deadline for amending the pleadings and after Ms. Hawkins filed her Second Amended Complaint. The County cites the good cause standard, but notably does not address how that standard applies to the current

3

motion. The court finds that Ms. Hawkins' motion easily meets Rule 16(b)(4)'s good cause standard because she could not have moved to amend any sooner than she did.

## III. AMENDMENT UNDER RULE 15

Once a party has filed a responsive pleading, the opposing party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The purpose of the rule "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotations omitted). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson*, 606 F.3d at 1267 (in the absence of such a showing, amendment should be allowed); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of the remaining *Forman* factors"). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch,* 771 F.3d at 1240.

### A. Undue Prejudice

The most important factor in considering a motion to amend is "whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006). Typically, a court will find prejudice only where allowing the amendment would unfairly affect a party's ability to prepare a defense to the claims in the amended pleading. *See id.*

4

Where proposed amended claims "arise out of a subject matter different from what was set forth in the [original pleading] and raise significant new factual issues," granting a motion to amend may result in undue prejudice. *Id.*

The County argues that it would be unduly prejudiced by the amendment because this case is nearing the close of discovery and the amendment would necessitate additional discovery that is impractical given the tight timeline remaining. The County notes that the proposed factual allegations involve an individual that was not previously involved in this lawsuit and a new county department. Defendants state that the amendment would necessitate significant additional discovery, including written discovery, reopening Ms. Hawkins' deposition, identification of the other county residents with lagoons referenced in the proposed pleading, a possible deposition of at least one of those residents, and an inspection of the Hawkins property. The County also argues that it has insufficient time to prepare a Fed. R. Civ. P. 30(b)(6) designee to testify about Ms. Hawkins' proposed topic related to the proposed amendment.[1]

The court finds that any prejudice to the County is not undue. It could be mitigated by the parties stipulating to certain discovery occurring outside of the court-imposed deadline and/or seeking the court's involvement to facilitate expedited discovery. The undersigned is sympathetic to the tight timelines remaining in this case. However, Ms. Hawkins recently amended her complaint to assert a retaliation claim against the County Zoning and Subdivision administrator in which she essentially alleges that the County continued to retaliate against Ms. Hawkins for filing this lawsuit by taking action against her property. The Second Amended Complaint specifically

---

[1] The County outlines additional grievances with Ms. Hawkins' recent supplemental responses to interrogatories and requests for production. Those matters do not bear on the present motion, and so the court declines to address these side issues on a motion to amend. If the County seeks court involvement in those disputes, it may file a motion seeking a discovery conference with the undersigned.

referenced Ms. Hawkins' contact with Ms. Eccles and the County Environmental Health Department regarding the lagoon. (ECF No. 76, at ¶¶ 61-62.) So the County was on notice that Ms. Hawkins considered this type of action to be retaliatory, and yet (whether justified or not) the County pressed forward with code enforcement procedures regarding the Hawkins lagoon. In short, it was the County's own actions that prompted the motion to amend.

Moreover, Ms. Hawkins is not attempting to assert a new claim or name a new party but instead to add limited additional factual allegations in support of an existing claim. Given the contours of the particular amendment here, the court is not necessarily persuaded that leave to amend is even required. But, regardless, the proposed discovery the parties outline in their briefs can be managed and prioritized so as to minimize prejudice to the County while allowing a full and fair opportunity to conduct discovery on Ms. Hawkins' new allegations—particularly considering that the County should already be in possession of a whatever material it needs to demonstrate how it has enforced the codes pertaining to the Hawkins lagoon and other lagoons within county limits. For these reasons, the court finds that the County would not be unduly prejudiced by the amendment.

### B. Futility

"A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In the context of futility, the court often considers whether the amended complaint could withstand a motion to dismiss pursuant to Rule 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In

analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

The County argues the court must deny Ms. Hawkins' motion to the extent that she asserts a due process claim against Defendants Karen Maley and Brenda Phelan for an alleged right to a pre-termination hearing because the district judge previously dismissed this claim and (2) the retaliation claim is futile for three reasons, discussed in more detail below.

### 1. Due Process Claim Against Defendants Maley and Phelan

The County argues that Ms. Hawkins' proposed Third Amended Complaint purports to bring the same due process claim against Ms. Maley and Ms. Phelan that the district judge previously dismissed. Specifically, the County points to pages 15-17 of the proposed Third Amended Complaint, which lists "Count 2: 42 U.S.C. § 1983—Violation of Rights to Due Process Under Fifth and Fourteenth Amendments against the County and Phelan and Maley. (ECF No. 95, at 15.) Indeed, the County correctly notes that the district judge previously dismissed a portion of Count 2—"that defendants violated plaintiff's procedural due process by depriving her of property interests in the right to a pre-termination hearing." (ECF No. 51, at 28.) Ms. Hawkins does not address this issue in her reply brief.

Nevertheless, this is not an appropriate basis to deny Ms. Hawkins' motion to amend for the simple reason that these are not proposed amendments. The County cites pages of the proposed Third Amended Complaint that are identical to those already contained in Ms. Hawkins' operative Second Amended Complaint. (ECF No. 76, at ¶¶ 68-78.) To the extent that the parties dispute any interpretations of the district judge's ruling on the County's motion to dismiss, the undersigned will take up those matters at the final pretrial conference. Alternatively, to the extent that Ms. Hawkins has inadvertently included a due process claim against Ms. Maley and Ms. Phelan that

7

has been dismissed, the undersigned grants Ms. Hawkins leave to modify her Third Amended Complaint by deleting that that language from the pleading.[2]

However, any defects or deficiencies within the operative Second Amended Complaint do not present a compelling reason to deny Ms. Hawkins' motion to amend to add separate factual allegations. In fact, the magistrate judge previously assigned to this case took a similar approach when ruling on Ms. Hawkins' first motion to amend. *See Hawkins v. Bd. of Cty. Commissioners of Coffey Cty., Kansas*, No. 17-2687-KHV, 2018 WL 3416214, at *3 (D. Kan. July 13, 2018) (declining to consider futility as to claims already in the case where doing so on a motion to amend would serve no practical purpose because, if the motion was denied, the claims would still remain).

### 2. Retaliation Claim

To state a § 1983 First Amendment retaliation claim, a plaintiff must allege facts sufficient to show:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 847 (10th Cir. 2005). The County argues that Ms. Hawkins' proposed amendments render her retaliation claim futile because: (1) she has not alleged an actionable injury; (2) she has not shown that Ms. Eccles' letter was substantially based on this lawsuit; and (3) she has not identified any County official who has retaliated against her with regard to the proposed factual allegations.

### i. Injury

---

[2] No additions are permitted.

The County contends that Ms. Hawkins' complaint fails to allege an injury sufficient to chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity. In support, the County attempts to distinguish Ms. Eccles' letter from the facts giving rise to the previous amendment. For example, the County states that Ms. Eccles' letter was a form letter, one of more than 30 sent out. The County notes that Ms. Hawkins did not receive a citation, a threat of citation, or any other action against her property. But, again, the County fails to cite any authority suggesting that these types of factual allegations would constitute an inconsequential and therefore unactionable injury that would render the proposed claim futile. *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) (recognizing that this element of a retaliation claim often presents a question of fact).

Moreover, adding factual allegations in support of an existing claim—essentially, bolstering the claim—would rarely render the claim futile. The court cannot look at the new factual allegations in a vacuum. The newly proposed factual allegations are part of an alleged pattern of harassment that already includes the County's prior zoning citation, which the court already concluded is itself sufficient to meet the pleading requirements for a retaliation claim. *See Hawkins v. Bd. of Cty. Commissioners of Coffey Cty., Kansas*, No. 17-2687-KHV-ADM, 2019 WL 4034469, at *3 (D. Kan. Aug. 27, 2019). Adding allegations about the County's code enforcement procedures as to the lagoon does not somehow render the injury element factually unsupported. Because of this, the court cannot find that the claim would be subject to dismissal for failing to plead sufficient facts to support this element.

  **ii. Retaliatory motive**

The County argues that Ms. Hawkins' proposed pleading fails to offer any well-pleaded facts showing that Ms. Eccles' letter was substantially based on Ms. Hawkins filing this lawsuit. In support, the County asserts a similar argument that the court considered and rejected when it

ruled on Ms. Hawkins' previous motion to amend. *See id.* at *4. The County again relies on *Lauck v. Campbell County* to argue that the court cannot infer retaliatory motive when the protected activity is not temporally proximate to the alleged retaliatory act. 627 F.3d 805, 815 (10th Cir. 2010). But *Lauck* states that retaliatory motive cannot be inferred "from temporal proximity *alone* when the time lapse between the protected activity and the retaliatory act exceeds three months." *Id.* (emphasis added.)

But, again, Ms. Hawkins has pleaded more than just temporal proximity. Her Third Amended Complaint sets out an alleged pattern whereby the County had previously assured her that both her longstanding business and her 17-year-old lagoon were code complaint, but then began taking action against them only after she filed this lawsuit. She also alleges that the County allows similar businesses to operate and lagoons to stand without taking code enforcement measures. As the court previously noted, "proof of an official's retaliatory intent will rarely be supported by direct evidence of such intent." *Mimics*, 394 F.3d at 848. So the court cannot find that the retaliation claim would be subject to dismissal for failing to plead an actionable injury.

### iii. Failure to identify a County official who retaliated

The County argues that Ms. Hawkins' failure to identify any official who retaliated against her bars her retaliation claim because the County cannot be held vicariously liable under § 1983. In support, the County relies on *Monell v. Department of Social Services of the City of New York* for its statement that municipalities "may not be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. 658, 691 (1978). In reply, Ms. Hawkins argues that this case is similar to *Lozman v. City of Riviera Beach*, which involved a § 1983 retaliation claim against a municipality after the plaintiff was arrested for continuing to speak during a public-comment portion of the city council meeting. 138 S. Ct. 1945 (2018). Although the defendant in *Lozman* was a municipality, the opinion draws no conclusions regarding governmental liability. Rather, the court expressly

assumed "that the arrest was taken pursuant to an official city policy, but whether there was such a policy and what its content may have been are issues not decided here." *Id.* at 1951. *Lozman* determined that probable cause for the plaintiff's arrest did not defeat his § 1983 retaliation claim as a matter of law—an issue wholly unrelated to the futility argument the County advances. *Id.* ("The issue here is narrow.").

Under *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. at 694. Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* The County argues that Ms. Hawkins' "new claim" does not assert any facts or allegations suggesting that an official county custom or policy is implicated, and therefore Ms. Hawkins does not state a retaliation claim against the county. (ECF No. 102, at 8.) But this is not a new claim or an accurate characterization of the claim. Again, Ms. Hawkins' operative Second Amended Complaint already alleges that "[t]he actions of Defendant Harris and of the County and of any Defendant who filed a report against Plaintiff or encouraged a third party to file a report against Plaintiff were in retaliation for Plaintiff's suit against the County and for Plaintiff's criticisms of Defendants." (ECF No. 76 ¶ 86.) This paragraph remains unchanged in Ms. Hawkins' proposed Third Amended Complaint. (ECF No. 95 ¶ 94.) Adding factual allegations to support this existing claim does not render the claim futile. Both the operative pleading and the proposed pleading state that it was Ms. Harris, the County, and potentially another defendant who retaliated against her. In other words, Ms. Hawkins has identified officials she alleges are responsible for the retaliatory acts. Although Ms. Hawkins' existing claim may be in unartfully pleaded, Ms. Hawkins' reply brief clarifies that she is asserting a municipal policy of

retaliation against the County. (ECF No. 103, at 4.) The retaliation claim is already in the case, and the proposed new factual allegations do not render the claim futile.

## IV. CONCLUSION

The court finds good cause to modify the scheduling order deadline to allow for Ms. Hawkins' motion to amend. The court also finds that the County would not be unduly prejudiced by the amendment and that the amendments do not render Ms. Hawkins' claims futile.

**IT IS THEREFORE ORDERED** that Plaintiff Laura Hawkins' Motion for Leave to File a Third Amended Complaint (ECF No. 95) is granted. Ms. Hawkins shall file her Third Amended Complaint as a separate docket entry within two business days from the date of the order.

**IT IS SO ORDERED.**

Dated October 31, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell_____  
Angel D. Mitchell  
U.S. Magistrate Judge